# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | |
|---|---|
| STACY ANN BLAIR, | ) |
| Plaintiff, | ) |
| v. | ) No. 5:19-CV-06040-DGK-SSA |
| ANDREW SAUL, Commissioner of Social Security, | ) |
| Defendant. | ) |

## ORDER AFFIRMING THE COMMISSIONER'S DECISION

This action seeks judicial review of the Acting Commissioner of Social Security's ("the Commissioner") decision denying Plaintiff Stacy Blair's application for supplemental security income under Title XVI of the Act ("the Act"), 42 U.S.C. §§ 1381–1383f. The Administrative Law Judge ("ALJ") found Plaintiff had severe impairments of chronic obstructive pulmonary disease ("COPD"), moderate osteoarthritis of the right hip, status post right foot transmetatarsal amputation, and obesity, but she retained the residual functional capacity ("RFC") to perform past work as an accounting clerk.

After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. The Commissioner's decision is AFFIRMED.

## Procedural and Factual Background

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff filed her application for benefits on January 21, 2016, alleging a disability onset date of July 1, 2012. The Commissioner denied the application at the initial claim level, and

Plaintiff appealed the denial to an ALJ. The ALJ held a hearing and, on August 16, 2018, issued a decision finding Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review on February 20, 2019, leaving the ALJ's decision as the Commissioner's final decision. Plaintiff has exhausted all administrative remedies and judicial review is now appropriate under 42 U.S.C. § 1383(c)(3).

**Standard of Review**

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole and whether the ALJ committed any legal errors. *Igo v. Colvin,* 839 F.3d 724, 728 (8th Cir. 2016). Substantial evidence is less than a preponderance, but is enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin, 789 F.3d 847, 852* (8th Cir. 2015); *see Biestek v. Berryhill*, 139 S.Ct. 1148, 1157 (2019) (noting the substantial evidence standard of review "defers to the presiding ALJ, who has seen the hearing up close."). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue,* 646 F.3d 549, 556 (8th Cir. 2011).

**Discussion**

The Commissioner follows a five-step sequential evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or

medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A). Plaintiff argues the ALJ erred at step three by finding her condition did not equal a listing, and at step four in evaluating and explaining her RFC. These arguments are unavailing.

I.      **The ALJ did not err in holding Plaintiff's impairments did not equal a listing.**

At step three in the sequential evaluation process, the ALJ considered whether Plaintiff's impairments met or equaled two different listings and, after reviewing the evidence, concluded neither did. R. at 18.

Plaintiff argues the ALJ erred by not finding her conditions equaled listing 1.02A, the listing for a major joint dysfunction. Pl.'s Br. at 15 (Doc. 7). Plaintiff notes the impartial medical expert who testified at the hearing, Lee T. Besen, M.D., opined that she met this listing. Plaintiff contends the ALJ's reasons for giving Dr. Besen's opinion little weight are not supported by substantial evidence. Pl.'s Br. at 16-20.

It is the claimant's burden to prove that her impairment meets all the criterial set forth in the listing or equals the listing in order to be found disabled at step three. *Dols v. Saul*, 931 F.3d 741, 746 (8th Cir. 2019). "A claimant can establish equivalency if the claimant has a 'combination of impairments, no one of which meets a listing,' and the findings related to that combination 'are *at least of equal* medical significance to those of the listed impairment.'" *Igo v. Colvin*, 839 F.3d 724, 730 (8th Cir. 2016) citing 20 C.F.R. § 404.1526(b)(3) (emphasis added). "'To establish

---

medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. §§ 416.920(a)–(g). Through step four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches step five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

equivalency, a claimant 'must present medical findings equal in severity to all the criteria for the one most similarly listed impairment.'" *Carlson v. Astrue*, 604 F.3d 589, 594 (8th Cir. 2010) (quoting *Sullivan v. Zebley*, 493 U.S. 521, 531 (1990).

The Court holds the ALJ's decision at step three is supported by substantial evidence. In his decision, the ALJ carefully parsed Dr. Besen's testimony and gave detailed reasons for giving it little weight. The ALJ wrote:

> The claimant's own report contradicts Dr. Besen's opinion that the claimant had a marked severity of disease in her right hip for one year prior to the injection. Dr. Besen also seemed to overlook that the claimant's gait was normal at the consultative examination. Additionally, it appear[s] there is only evidence of one hip injection. Dr. Besen further opined a pulmonary function test found an FEV1 of 1.43 and an FVC of 1.58, which is incorrect as the FVC was 1.88. He opined that the test results with the claimant's symptoms equaled listing 3.02 A and B since the protective filing of the application in January 2016. Dr. Besen failed to realize that these test findings were pre-bronchodilator and that the post-bronchodilator testing found an FEV1 of 2.17 and an FVC of 2.67. He did not seem to take into account the claimant's continuing to smoke marijuana. He said because the claimant complained of marked shortness of breath, she must have marked disease. He overlooked that respiratory exams have consistently been clear, rarely any wheezes, and nonlabored. The undersigned gives Dr. Besen's opinions little weight as they are not supported by the objective findings on exams and are not consistent with the evidence as a whole, including the examinations of multiple doctors and the consultative examiner, and the claimant's ability to ambulate.

R. at 26. The ALJ's observations are supported by the record. Thus, the ALJ did not err either in discounting Dr. Besen's opinion or in holding Plaintiff did not carry her burden of establishing a combination of impairments that equaled a listing.

## II. The ALJ did not err in determining Plaintiff's RFC.

Next, Plaintiff argues the ALJ erred at step four by failing to explain what medical evidence supported his RFC determination and by failing to properly evaluate her limitations because he did not give enough credence to her testimony. These arguments are unavailing.

First, Plaintiff's claim that the ALJ failed to identify medical evidence showing she could perform light work is rebutted by the record. For example, with respect to Plaintiff's COPD, the ALJ considered Plaintiff's use of inhalers, her cardiovascular and respiratory examinations, and her pulmonary function tests. R. at 21-22. This evidence is medical evidence. The ALJ also considered that Plaintiff was smoking marijuana and cigarettes, and how that behavior impacted her breathing. R. at 22-23, 26. This too is medical evidence. Likewise, with respect to her physical limitations, the ALJ cited treatment notes, x-rays, range of motion testing, medication and injections, EMG results, the consultative examination, and office examinations in formulating the RFC. R. at 21-24. Such texts and examination findings are also medical evidence.

Second, the ALJ did not error in discounting the credibility of Plaintiff's testimony concerning the severity of her symptoms. Again, Plaintiff's COPD is illustrative. The record shows Plaintiff could shop for up to two hours at a time, which is inconsistent with her statement that she could not even do dishes because she became winded and could not breathe. R. at 42, 384. Her lung examinations also did not support a claim of severe COPD symptoms. R. at 593, 601, 633, 638, and 642. Finally, when Plaintiff met with an agency representative for an interview she did not demonstrate any limitations in breathing, talking, or answering questions, things one would expect if her breathing was impaired to the degree she claimed. R. at 369.

Consequently, the ALJ did not err in formulating Plaintiff's RFC.

**Conclusion**

For the reasons discussed above, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:   March 26, 2020                           /s/ Greg Kays
                                                GREG KAYS, JUDGE
                                                UNITED STATES DISTRICT COURT